UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALFRED A. SHERROD,

          Petitioner,

v.                                        Case No.  8:11-cv-483-T-17MAP

SECRETARY, DEPARTMENT OF CORRECTIONS,

          Respondent.

_____

## ORDER

This cause is before the Court on Petitioner Sherrod's timely-filed pro se 28 U.S.C.

§ 2254 petition for writ of habeas corpus.  Sherrod challenges his conviction for possession

of cocaine with intent to sell or deliver in the Thirteenth Judicial Circuit, Hillsborough

County, Florida, in case no. 08-CF-25145.

### Background

Sherrod was found guilty upon entering into a written plea agreement of possession

of cocaine with intent to sell or deliver in case no. 08-CF-25145. Adjudicated guilty by the

trial judge in accordance with the plea agreement, Sherrod was sentenced to 40.5 months

in prison. Sherrod appealed his judgment, and following briefing, the state district court on

November 24, 2010, per curiam  affirmed without written decision in case no. 2D09-3884.

*Sherrod v. State*, 51 So.3d 116 (Fla. 2d DCA 2010)[table]. Sherrod sought a pro se

rehearing on December 10, 2010; that unauthorized filing was struck by the district court

on December 13, 2010.

Sherrod did not seek certiorari review in the United States Supreme Court; nor did

he file for any other collateral state relief.  The only claim raised on direct appeal was

> DID THE COURT ERR BY DENYING APPELLANT'S MOTION TO SUPPRESS, DISPOSITIVE AS TO NEW LAW OFFENSES AND NEW LAW VIOLATIONS OF PROBATION BASED THEREON, SINCE NO PROBABLE CAUSE TO ARREST EXISTED AT TIME APPELLANT WAS UNLAWFULLY ARRESTED AND SEARCHED?

## STANDARDS OF REVIEW -- GOVERNING PRINCIPLES

### Federal Question

Title 28 U.S.C. § 2254 explicitly requires a federal court to entertain an application for writ of habeas corpus only on the ground that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a). Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. *Wainwright v. Goode*, 464 U.S. 78 (1983)(citing *Engle v. Isaac,* 457 U.S. 1141 (1982)); *Smith v. Phillips*, 455 U.S. 209 (1982). The writ of habeas corpus, 28 U.S.C. § 2254, was not enacted to enforce state-created rights. *Cabberiza v. Moore*, 217 F.3d 1329, 1333 (11th Cir. 2000). Even when a petition which actually involves state law issues is "couched in terms of equal protection and due process," this limitation on federal habeas corpus review is of equal force. *Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976).

### Exhaustion and Procedural Default

Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his state conviction. See 28 U.S.C. § 2254(b),(c). To properly exhaust a claim, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Pursuant to the procedural default doctrine, a state prisoner seeking

federal habeas corpus relief who fails to raise his federal constitutional claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules, is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default, *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), or the kind of fundamental miscarriage of justice occasioned by a constitutional violation that resulted in the conviction of a defendant who was "actually innocent," as contemplated in *Murray v. Carrier*, 477 U.S. 478, 496 (1986).[1]

### The AEDPA's Anchors

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas retrials and to ensure state-court convictions are given effect to the extent possible under law. *Bell v. Cone*, 535 U.S. 685 (2002). Under § 104 of the AEDPA, § 2254(d) now forbids federal courts from granting habeas relief for claims that previously were "adjudicated on the merits" in state court, unless the petition can establish that the adjudication "resulted in a decision that was contrary to, or involved an unreasonable

---

[1]   The "cause" excusing the procedural default must result from some objective factor external to the defense that prevented the prisoner from raising the claim and which cannot be fairly attributable to his own conduct. *Id.,* 477 U.S. at 488. To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the  proceeding would have been different. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003) (citations omitted).

The fundamental miscarriage of justice exception concerns a petitioner's "actual" innocence rather than his "legal" innocence. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (2001) (citing *Calderon v. Thompson*, 523 U.S. 538, 559 (1998)); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986) (explaining that a "fundamental miscarriage of justice" occurs "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent"). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo,* 513 U.S. 298, 327 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Schlup,* 513 U.S. at 324.

application of, clearly established" Supreme Court law, or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) & (2). When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state law procedural principles to the contrary. *Harrington v. Richter*, 131 S.Ct. 770, 784-85 (2011). Where the state court does explain its reasoning, that decision receives AEDPA deference even if the state court fails to cite -- or is not even aware of -- relevant Supreme Court precedent. *Childers v. Floyd*, 2011 WL 2162083 (11th Cir. June 2, 2011)(citing *Early v. Packer,* 537 U.S. 3, 8 (2002) (per curiam).

Review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This language requires an examination of the state court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time, i.e., the record before the state court. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398–1401 (2011).

In addition, § 2254(e)(1) "provides for a highly deferential standard of review for factual determinations made by a state court." *Robinson v. Moore*, 300 F.3d 1320, 1342 (11th Cir. 2002). The federal court will presume the correctness of state court findings of fact unless the petitioner is able to rebut that presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

Congress, in passing the AEDPA also erected additional barriers limiting a habeas

petitioner's right to discovery or an evidentiary hearing. *Crawford v. Head*, 311 F.3d 1288, 1328-1329 (11th Cir. 2002). Under 28 § 2254(e)(2), if a habeas applicant "has failed to develop the factual basis of a claim in state court proceedings, the [federal] court shall not hold an evidentiary hearing on the claim" unless he shows --

(A) the claim relies on--

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*Id.*

Sherrod's sole ground for relief does not rely on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2254(e)(2)(A)(i). Nor does he rely on "a factual predicate that could not have been previously discovered through the exercise of due diligence." Id. § 2254(e)(2)(A)(ii). His allegations, even if adduced, would not entitle him to relief, and he cannot develop a factual basis that he did not diligently investigate and pursue in state court. Accordingly, he is not entitled to an evidentiary hearing on his ground.

### *STONE V. POWELL* BAR

In *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), the Supreme Court narrowly delineated the scope of review over Fourth Amendment claims in federal habeas corpus actions brought under 28 U.S.C. § 2254. "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state

prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone*, 428 U.S. at 494, 96 S.Ct. at 3052.  The Eleventh Circuit has interpreted the phrase "opportunity for full and fair litigation" to "mean[ ] just that: an opportunity.'" *Lawhorn v. Allen*, 519 F.3d 1272, 1287 (11th Cir. 2008) (quoting *Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978)).

In *Caver*, the Court explained that "if state procedures afford the defendant in a criminal case the opportunity to litigate whether evidence obtained in violation of the Fourth Amendment should be excluded, and if that opportunity to litigate Fourth Amendment issues is 'full and fair[,]' . . . then *Stone v. Powell* precludes federal habeas corpus consideration of those issues whether or not the defendant avails himself of that opportunity." *Caver*, 577 F.2d at 1193.

## DISCUSSION

### UNEXHAUSTED CLAIM OF TRIAL AND APPELLATE COUNSELS' INEFFECTIVE REPRESENTATION

Although not raised in his Petition, Sherrod makes a claim in his Memorandum of Law filed in support of his Petition that his trial counsel and appellate counsel were ineffective and their actions undermined confidence in the outcome of his penalty proceeding. (Docs. 1, 14).  This claim was not raised below in any state proceeding, as such, this claim has not been properly exhausted for purposes of review in this Court.

The Supreme Court has declined to extend the *Stone* rationale to bar ineffective assistance of counsel claims under the Sixth Amendment involving underlying Fourth Amendment issues. *See Canady v. Harrison*, 188 Fed.Appx. 951, 953(11th Cir.

2006)(unpublished),citing *Kimmelman v. Morrison*, 477 U.S. 365, 382-83, 106 S.Ct. 2574, 2587, 91 L.Ed.2d 305 (1986).

It does not appear that the time has elapsed for filing a motion for postconviction relief on ineffective assistance of trial counsel pursuant to rule 3.850.  Because Sherrod must first exhaust his state court remedies, Sherrod's petition -- to the extent the petition alleges a substantive claim of ineffectiveness of counsel -- is subject to dismissal for lack of exhaustion of state court remedies.  The Supreme Curt held that a federal district court must dismiss mixed petitions -- those containing both exhausted and unexhausted claims -- and leave the petitioner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court. *Rose v. Lundy*, 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L. Ed. 2d 379 (1982).

Accordingly, the Court orders:

That on or before **February 29, 2012**, Sherrod shall inform this Court whether he wishes to return to state court to exhaust his claims or resubmit his habeas petition to present only exhausted claims to this Court.

ORDERED at Tampa, Florida, on January 31, 2012.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Alfred A. Sherrod